**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**LEE F. KENNEDY**                                                                          **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 2:15-CV-135-KS-JCG**

**JEFFREY L. HALL and
BRYAN NELSON, PA**                                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Summary Judgment [35] and Motion to Exclude [39] filed by Defendants Jeffrey L. Hall and Bryan Nelson, PA. After considering the submissions of the parties, the record, and the underlying law, the Court finds that the Motion for Summary Judgment [35] is well taken and should be granted. The Motion to Exclude [39] will be denied as moot.

**I. BACKGROUND**

This is a legal malpractice suit stemming from an underlying action (the "HCB Litigation")[1] involving Plaintiff Lee F. Kennedy ("Plaintiff") and HCB Financial Corporation ("HCB"), a non-party to this suit. Plaintiff brings this suit against Jeffrey L. Hall, her attorney in the HCB Litigation, and Bryan Nelson, PA, his former law firm (collectively "Defendants").

The HCB Litigation involved a $10,000,000 promissory note (the "Note") executed and delivered to Central Progressive Bank ("CPB"), HCB's predecessor in interest, by Mississippi Investors, LLC ("MI"), an entity partly owned by Plaintiff.[2] The Note was secured by a second lien

---

[1] *HCB Financial Corp. v. Kennedy*, No. 1:10-CV-559-HSO-JCG (S.D. Miss. 2013).

[2] Plaintiff divested her 25% interest in MI and all associated entities to Mike Adkinson, one of her partners, on October 16, 2006. Plaintiff had no further involvement with MI.

deed of trust on a portion of real property identified as Horizon Property (the "Property"). Plaintiff executed a continuing personal guaranty[3] (the "Guaranty") on the Note. The first secured position on the Property was held by Double A Firewood, Inc., via a Purchase Money Land Deed of Trust, which was subsequently assigned to CPB, merging the two interests. MI defaulted. CPB foreclosed on the Property and filed suit for a deficiency judgment on December 9, 2010. Plaintiff was first brought into the suit on April 14, 2011, for breach of the Guaranty. She then retained Defendants' services in her defense. Defendants failed to seek timely discovery in the action and never sought an extension of the discovery deadline. (Summary Judgment Order [42-24] at pp. 5-6.)

After acquiring CPB's interest in the suit, HCB filed for summary judgment on October 10, 2012. Defendants, on Plaintiff's behalf, responded to the motion on October 24, 2012, arguing only that she could not be liable under the Guaranty because she "dissociated herself from any and all MI's business interests" and submitting no "competent evidence" disputing the amount owed under the Guaranty. (*See* Summary Judgment Order [42-24] at pp. 9-11.) HCB settled with Plaintiff's co-defendants in February 2013. (Stipulation of Dismissal [42-35].) In March 2013, the court found Plaintiff liable under the Guaranty and granted summary judgment in favor of HCB. A judgment of $1,890,684.49 was entered against Plaintiff.

On October 9, 2015, Plaintiff filed the current action against Defendants, contending that Defendants' negligence in the HCB Litigation amounted to legal malpractice. Defendants filed their Motion for Summary Judgment [35] on June 3, 2016. After considering the submissions of the parties, the record, and the applicable law, the Court is now ready to rule.

## II. DISCUSSION

A.     **Motion for Summary Judgment [35]**

---

[3] Docket No. 42, Exhibit 37. This Guaranty is an unconditioned guarantee of *payment*.

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty*

*Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

Plaintiff brings a claim of legal malpractice against Defendants. Defendants contend that Plaintiff cannot prove that their alleged negligence was the proximate cause of her injuries under this claim. "In the usual legal malpractice case, in order to prove proximate cause[,] the plaintiff must show that but for his attorney's negligence[,] he would have been successful in the prosecution or defense of the underlying action." *Century 21 Deep South Properties, Ltd. v. Carson*, 612 So.2d 359, 371 (Miss. 1992) (citing *Hickox v. Holleman*, 502 So.2d 626, 633 (Miss. 1987)). Therefore, in order to defeat summary judgment, Plaintiff must introduce evidence to show that there is a genuine dispute of fact as to whether her defense in the HCB Litigation would have ultimately proven successful.

At no point does Plaintiff argue that she would not have been found liable under the Guaranty. Rather, she argues only that the amount of the judgment against her was affected by the alleged negligence of Defendants. Her arguments center on the contention that the issue of fair market value of the Property should have gone to the trier of fact, but she gives no proof or argument stating that a trier of fact would have found her not liable under the Guaranty, nor does she show that, had the issue gone to trial, the trier of fact would have found that she was entitled to a larger credit on the outstanding balance of the Note. Instead, Plaintiff argues that Defendants' "negligence precluded the trier of fact from having to decide if Kennedy was entitled to a larger credit or if the amount sought by HCB was correct." (Response [42] at p. 24.) Plaintiff is therefore arguing that she would have been able to defeat summary judgment but-for Defendants' negligence, *not* that she

4

would have been ultimately successful in her defense.[4] The Court knows of no precedent that would allow it to find Defendants liable under a legal malpractice claim under such an argument.

Moreover, Plaintiff's argument that the trier of fact would have found a higher fair market value of the Property is irrelevant. The Mississippi Supreme Court has explicitly stated that, when a guarantor and not a debtor is being sued, there is no requirement that the foreclosing creditor demonstrate that the credit given is the "commercially reasonable value of the collateral." *Bosarge v. LWC MS Props., LLC*, 158 So.3d 1137, 1143 n.5 (Miss. 2015). Though the *Bosarge* Court did state that a court must still apply the "requisite credit-to-balance deficiency calculation," Plaintiff has waived such a calculation here. *See id.* The Guaranty, which was undisputedly executed by Plaintiff, states that the guarantor "waives any right . . . [to] require that resort be had to any security or to any balance of any deposit account or credit on the books of the Beneficiary in favor of the Debtor of [sic] any other person." (Guaranty [35-2] at p. 4.) Therefore, HCB was not required to produce evidence of the fair market value of the Property in showing that the credit given was appropriate, nor was it required to apply any credit in favor of MI to the balance owed under the Guaranty or to foreclose on any other collateral held in security of the Note. Consequently, any evidence disputing the amount of the outstanding balance based on credits that should have been applied would have been irrelevant and would not have affected the amount of the final judgment. Defendants' negligence in failing to conduct discovery and finding such evidence, then, could not have been the but-for cause of Plaintiff's injuries.

---

[4]Though not referenced in her Response [42], Plaintiff's expert, Paul Snow, does state that Plaintiff would have won at trial in his Affidavit [42-50]. This, though, is a legal conclusion and is inadmissible summary judgment evidence. *Taylor Pipeline Constr., Inc. v. Directional Rd. Boring, Inc.*, 438 F.Supp.2d 696, 706 (E.D. Tex. 2006).

Therefore, because Plaintiff has not put forward any evidence or argument establishing that the outcome of the underlying action would have been different but-for the Defendants' negligence, the Court must **grant** Defendants' Motion for Summary Judgment [35].

### B.     Motion to Exclude [39]

As the Court has granted summary judgment in favor of Defendants, their Motion to Exclude [39] will be **denied as moot**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [35] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Exclude [39] is **denied as moot**.

SO ORDERED AND ADJUDGED this the 9th day of August, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE